UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ALEXANDER BARBER,<br>     *Plaintiff*,<br><br>     v.<br><br>REARDON, et al.,<br>     *Defendants.* | No. 3:26-cv-01040 (VAB) |

**INITIAL REVIEW ORDER**

Alexander Barber ("Plaintiff"), a sentenced inmate housed at the Cheshire Correctional Institution ("Cheshire CI"),[1] has filed a *pro se* Complaint under 42 U.S.C. § 1983. *See* Compl., ECF No. 1. He alleges that two Defendants used excessive force in violation of the Eighth Amendment.

Mr. Barber names as Defendants Cheshire CI Correctional Officers Reardon and Letourneau. *Id.* at 3. Mr. Barber does not specify whether these Defendants are sued in their individual or official capacities. *Id.*

For the following reasons, Mr. Barber's Eighth Amendment excessive force claim may proceed against Defendants Reardon and Letourneau in their individual capacities.

Any claims against Defendants in their official capacities and requests for a declaratory judgment are dismissed.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Barber alleges that, on January 5, 2026, Correctional Officers Reardon and Letourneau handcuffed him behind his back and escorted him from the dayroom. *Id.* ¶ 1.

---

[1] *See* DOC, Inmate Locator, available at https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=263211 (last accessed July 13, 2026).

Mr. Barber alleges that, while Defendants escorted him, he fell because he was off-balance due to a preexisting injury. *Id.* ¶¶ 1–2. Mr. Barber alleges that, while he was on the ground, Mr. Reardon kicked him and dragged him to his cell, at which point he hit his head on his cell door. *Id.* ¶ 3.

Mr. Barber also alleges that Mr. Letourneau bent his wrist, which caused him extreme pain and injured him. *Id.* ¶ 5. Mr. Barber also alleges that the handcuffs were so tight on his wrists that his skin was ripped off. *Id.* ¶ 6.

Mr. Barber alleges that the Defendants' actions caused him severe pain, leading to him involuntarily urinating and defecating on himself. *Id.* ¶ 7.

On June 30, 2026, Mr. Barber filed his Complaint. *Id.*

In his Complaint, Mr. Barber seeks monetary damages, *id.* at 5, as well as "declaratory" relief. *Id.*

On July 1, 2026, the Court granted Mr. Barber's motion to proceed *in forma pauperis*. ECF No. 5.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134, n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents

and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Id*. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d

Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III.   DISCUSSION

To state a claim for use of excessive force, a plaintiff must allege facts showing that, subjectively, the defendant acted maliciously or sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson*, 503 U.S. at 6–7 ("[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

To evaluate the defendant's conduct, the Court considers various factors including the extent of the injuries and the mental state of the inmate; "the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts by the defendants to temper the severity of a forceful response." *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (internal quotation marks and citation omitted).

A plaintiff must also show, objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262–63 (2d Cir. 1999) (quoting *Hudson*, 503 U.S. at 8). A *de minimis* use of force will rarely be sufficient to satisfy the objective element unless that force is also "repugnant to the conscience of mankind." *Wilkins*, 559 U.S. at 38 (quoting *Hudson*, 503 U.S. at 9–10). It is the force used, not the injury sustained, that "ultimately counts." *Id.* A malicious use of force constitutes a *per se* Eighth Amendment violation because "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (quoting *Hudson*, 503 U.S. at 9).

Mr. Barber alleges that Defendant Reardon allegedly kicked him when he was on the ground handcuffed behind his back, and then Defendant Reardon allegedly dragged him to his cell, causing him to allegedly hit his head. Compl. ¶¶ 1–3. Mr. Barber also alleges that Defendant Letourneau bent his wrist and caused him extreme pain. *Id.* ¶ 5. Finally, Mr. Barber alleges that Defendants Reardon and Letourneau placed the handcuffs on him in a way that caused his skin to rip off. *Id.* ¶ 6. At this early stage of the litigation, these allegations are sufficient to plead a plausible claim of excessive force in violation of the Eighth Amendment against both Mr. Reardon and Mr. Letourneau. *See Iqbal*, 556 U.S. at 678 (A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

To the extent that Mr. Barber seeks damages from the Defendants in their official capacities, those claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity.") (internal citations omitted).

Finally, although Mr. Barber refers to "declaratory" damages, Mr. Barber presumably is referring to a declaratory judgment. But he does not specify what sort of declaratory judgment he seeks. Moreover, a plaintiff may proceed for injunctive or declaratory relief against defendants in their official capacities, only if the plaintiff alleges an ongoing constitutional violation. *See Va. Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Mr. Barber does not allege any such ongoing violation here.

Accordingly, while Mr. Barber's Eighth Amendment excessive force claim may proceed, any such claim will only proceed against the Defendants for monetary damages in their individual capacities, not for monetary damages or any declaratory relief in their official capacities, which will be dismissed.

## IV.   CONCLUSION

For those reasons, Mr. Barber's Eighth Amendment excessive force claim may proceed against Defendants Reardon and Letourneau in their individual capacities.

Any claims against Defendants in their official capacities and requests for a declaratory judgment are **DISMISSED**.

The Court enters the following orders:

**(1)** The Clerk of Court shall verify the current work address of Cheshire CI Correctional Officers Reardon and Letourneau with the Department of Correction Legal Affairs Unit. The Clerk of Court shall mail a copy of the Complaint, this Order, and a waiver of service of process request packet to Defendants Reardon and Letourneau at their respective confirmed addresses by **August 14, 2026**, and shall report to the Court on the status of the requests by **August 28, 2026**.

**(2)** If either Defendant fails to return the waiver request, the Clerk of Court shall arrange for in-person service by the U.S. Marshals Service and that Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

**(3)** The Clerk of Court shall send Mr. Barber a copy of this Order.

**(4)** The Clerk of Court shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

**(5)** The Defendants shall file a response to the Complaint, either an Answer or a motion to dismiss, by **December 4, 2026**. If they choose to file an Answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include all additional defenses permitted by the Federal Rules.

**(6)** Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **April 2, 2027**. Discovery requests need not be filed with the court.

**(7)** All motions for summary judgment shall be filed by **June 4, 2027**.

**(8)** Under Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**(9)** If Mr. Barber changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Mr. Barber must give notice of a new address even if he is incarcerated. Mr. Barber should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Barber has more than one pending case, he should indicate all the case numbers in the notification of change of address. Mr. Barber should also notify the Defendants or the attorneys for the Defendants of his new address.

**(10)**     Mr. Barber shall utilize the Prisoner E-filing Program when filing documents with the court. Mr. Barber is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on the Defendants' counsel by regular mail.

**(11)**     The Clerk of Court shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Mr. Barber.

**SO ORDERED** at New Haven, Connecticut, this 17th day of July, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

8